1  Usama Kahf (SBN 266443)
       E-Mail: ukahf@fisherphillips.com
2  David M. Shannon (SBN 342187)
       E-Mail: dshannon@fisherphillips.com
3  **FISHER & PHILLIPS LLP**
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Danielle Kays (*pro hac vice forthcoming*)
       E-Mail: dkays@fisherphillips.com
7  **FISHER & PHILLIPS LLP**
8  10 South Wacker Drive, Suite 3450
   Chicago, IL 60606
9  Telephone: (312) 260-4751

10 Catherine M. Contino (*pro hac vice forthcoming*)
       E-Mail: ccontino@fisherphillips.com
11 **FISHER & PHILLIPS LLP**
   Two Logan Square, 12th Floor
12 100 N. 18th Street
13 Philadelphia, PA  19103
   Telephone: (610) 230-2150
14 Facsimile: (610) 230-2151

15 Attorneys for Defendant
   POLITICO LLC
16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER KHAMOOSHI, RYAN WU, and BRIAN CAROLUS, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>POLITICO LLC, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No:<br><br>*(Removed from San Francisco Superior Court, Case No.  CGC-24-618459)*<br><br>**DEFENDANT POLITICO LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>Action Filed:　September 26, 2024<br>Trial Date:　　None set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1453, Defendant POLITICO LLC ("POLITICO"), through its counsel of record, hereby submits this Notice and Petition for Removal ("Notice") to remove the above-entitled state court action from the Superior Court of the State of California in and for the County of San Francisco, Case No. CGC-24-618459, to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

## STATEMENT OF JURISDICTION

1. Removal is proper because this Court has original diversity-of-citizenship jurisdiction over this case under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also* 28 U.S.C. § 1441(a), (b). As set forth below, this action meets all requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. This state action was filed in the Superior Court for the State of California, County of San Francisco. Thus, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 84(a), § 1391(a), and § 1441(a).

## PROCEDURAL HISTORY IN THE STATE COURT ACTION

3. On September 26, 2024, Plaintiffs Saber Khamooshi, Ryan Wu, and Brian Carolus commenced an action against POLITICO by filing in the Superior Court of the State of California, San Francisco County, Case No. CGC-24-618459, a Complaint styled as *Saber Khamooshi, Ryan Wu, and Brian Carolus, individually and on behalf of all others similarly situated v. POLITICO, LLC and Does 1-100*. *See* Declaration of Usama Kahf ("Kahf Decl."), ¶ 2, Ex. A.

4. POLITICO was served with the Complaint via personal service on October 11, 2024. *See* Kahf Decl., ¶ 3, Ex. B.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because Defendant has filed this notice within thirty (30) days of service of the pleadings from which Defendant could first determine that this action was removable and less than one year after commencement of this action, as required under 28 U.S.C. section 1446, subdivision (c). Defendant was served the Complaint on October 11, 2024 by personal service, and per code, service was effective on this date. Cal. Code Civ. Proc., § 415.40; *see Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law.").

6. Thus, pursuant to 28 U.S.C. section 1446(b), Defendant has thirty (30) days, or until November 12, 2024 to remove this action.

## THE COMPLAINT ALLEGATIONS

7. Plaintiffs allege, and Defendant disputes, that upon visiting the POLITICO website, certain cookies were embedded on website users' browsers resulting in the transmission of user information and their device data to third parties for marketing and advertising purposes. *See* Kahf Decl., ¶ 2, Ex. A, ¶¶ 1, 45-60. Plaintiffs allege these transmissions through cookies occurred without website users' consent and without court authorization. *See* Kahf Decl., ¶ 2, Ex. A, ¶¶ 7, 8, 28, 44, 61.

8. Based on these allegations, Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, defined as: "[a]ll California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including June 30, 2024, accessed and viewed the POLITICO website and had their IP addresses and/or browser and device data collected by and disclosed to the third-party trackers embedded in the POLITICO website." Kahf Decl., ¶ 2, Ex. A, ¶ 72. The Complaint asserts claims for violations under the California Consumer Data Access and Fraud Act (California Penal Code § 502 *et seq.*), the California Invasion of Privacy Act ("CIPA") (California Penal Code §§ 630 *et seq.*), and Invasion of Privacy under the California State Constitution.

///

///

9. The Complaint seeks statutory damages of "$5,000 per violation of CIPA under California Penal Code § 637.2," pre- and post-judgement interest, attorneys' fees and litigation costs, and other damages and remedies. *See* Kahf Decl., ¶ 2, Ex. A, pp. 29-30.

## BASIS FOR REMOVAL UNDER CAFA

10. CAFA provides a case may be removed against a non-governmental entity if (1) the number of proposed class member is not less than 100, (2) any member of the proposed class is a citizen of a State different from any defendant, and (3) the aggregate amount in controversy, exclusive of interest and cost, exceeds $5,000,000. 28 U.S.C. § 1332(d). All of these requirements are met in this case.

**A. The Numerosity Requirement is Satisfied.**

11. The Complaint describes this case as a class action, seeking relief on behalf of a putative class that includes "[a]ll California residents who . . . accessed and viewed the POLITICO website" in California "and had their IP addresses and/or browser and device data collected" by certain cookies. Kahf Decl., ¶ 2, Ex. A, ¶ 72.

12. The putative class is plausibly comprised of over 100 individuals, as the Complaint alleges that the class will include all California residents who accessed and viewed the POLITICO website "during the applicable statute of limitations period preceding the filing of the Complaint in this matter through and including June 30, 2024," or from September 26, 2023 to June 30, 2024. *See* Declaration of Krystin Garcia, ("Garcia Decl."), ¶ 5. The number of visits to POLITICO's website from California exceeded 1,000 between September 23, 2023 and June 30, 2024. *Id*.

13. Accordingly, CAFA's numerosity requirement is satisfied here.

**B. The "Minimal Diversity" Requirement is Satisfied.**

14. CAFA provides minimal diversity is met when a class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

15. All three Plaintiffs allege that they are California residents. Kahf Decl., ¶ 2, Ex. A, ¶¶ 9, 13, 17.

16. Plaintiffs seek to represent a class of similarly situated individuals, exclusively residing in California. Kahf Decl., ¶ 2, Ex. A, ¶ 72.

17. POLITICO is named as the sole Defendant in this lawsuit.

18. POLITICO is a limited liability company organized under the laws of Delaware. Garcia Decl., ¶ 3. Its sole member is Axel Springer Wagon Holding Inc. ("Axel Springer"). *Id.*

19. A limited liability company has the citizenship of its members for diversity purposes. 494 U.S. 185, 195 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

20. Axel Springer is incorporated under the laws of the State of Delaware and maintains its principal place of business—its "nerve center"—in the State of Delaware.[1] *Id.* at ¶ 4.

21. As such, POLITICO is deemed to be a citizen of Delaware—not California.

22. Because POLITICO's sole member is not incorporated under the laws of California and does not maintain its principal place of business in California, POLITICO is not a citizen of California. Therefore, Plaintiffs are citizens of different states than POLITICO and this case is "between citizens of different states." *See* 28 U.S.C. § 1332(a), (c).

23. Additionally, because POLITICO is not a citizen of the state in which the action was brought, the "citizenship" component of the removal analysis is satisfied. *See* 28 U.S.C. § 1441(b)(2).

24. Defendants DOES 1 through 100, inclusive, are fictitious. The Complaint does not set forth the identity or status of any of these fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998); *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

---

[1] Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." To determine a corporation's principal place of business, courts must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) is the corporation's "never center," where "the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically be found at a corporation's headquarters.").

25. Because no Defendant is a citizen of the same state as Plaintiffs, complete diversity of the parties exists, and minimal diversity is satisfied.

### C. The Matter in Controversy Exceeds $5,000,000.

26. POLITICO denies Plaintiffs are entitled to recover any amount, including the $5,000 per violation of the CIPA to which they claim they are entitled.

27. POLITICO also denies Plaintiffs can meet the requirements of class certification in this case.

28. However, the Complaint's allegations place over five million dollars ($5,000,000) at issue, which exceeds the threshold for removal under CAFA.[2] Kahf Decl., ¶ 2, Ex. A, Prayer for Relief.

29. The number of visits to POLITICO's website from California exceeded 1,000 between September 26, 2023 and June 30, 2024, the period at issue based on the Complaint. Garcia Decl., ¶ 5.

30. Because the class is comprised of more than one thousand members, more than five million dollars ($5,000,000) is at issue, which exceeds CAFA's threshold. *See* 28 U.S.C. § 1332 (d)(2).

31. Moreover, Plaintiffs seek declaratory relief and attorneys' fees (Kahf Decl. ¶ 2, Ex. A, pp. 29-30), which also factor into evaluating the amount in controversy for jurisdictional purposes. See *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation).

### D. No Exception to CAFA Removal Applies.

32. No exceptions to removal under CAFA apply.

///

///

---

[2] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (stating "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

**CONCLUSION**

33. This Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

34. This case presents clear grounds for the Northern District of California to exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1446, subdivision (a).

35. As required by 28 U.S.C. § 1446(d), POLITICO will promptly provide written notice to Plaintiffs and file a copy of this Notice of Removal attached to a pleading entitled Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Francisco. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served upon POLITICO or filed by POLITICO are attached to this Notice of Removal.

**PRAYER FOR REMOVAL**

POLITICO files its Notice of Removal, removing this case from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, and further requests this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

Dated: November 8, 2024

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DAVID SHANNON
DANIELLE KAYS (*pro hac vice pending*)
CATHERINE M. CONTINO (*pro hac vice pending*)
Attorneys for Defendant
POLITICO LLC