USAMA KAHF (SBN 266443)
E-Mail: ukahf@fisherphillips.com
JOSEPH CRITTENDEN (SBN 340271)
E-Mail: jcrittenden@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE*)
E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE*)
E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

Attorneys for Defendant
POLITICO LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER KHAMOOSHI, RYAN WU, BRIAN CAROLUS, and JOHN DEDDEH, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>POLITICO LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 3:24-cv-07836-SK<br><br>**POLITICO LLC'S ADMINISTRATIVE MOTION TO RELATE AND REASSIGN CASE**<br><br>Date: April 14, 2025<br>Time: 9:30 a.m.<br><br>Action Filed: September 26, 2024<br>Removed: November 8, 2024<br>Consolidated: January 27, 2025 |

Pursuant to the United States District Court Northern District of California Civil Local Rules Rule 3-12, POLITICO LLC notifies the Court of a related action pending in this District and moves for an Order (1) finding that this current action is related to the subsequently filed *SHAH v. POLITICO LLC*, Case No. 4:25-cv-01338-DMR, pending before the United States District Court Northern District of California and (2) reassigning the *Shah* action to the Honorable Magistrate Judge Sallie Kim for disposition.

Pursuant to L.R. 3-12(b), POLITICO simultaneously serves POLITICO LLC's Motion to Relate and Reassign Case on the parties in each related action.

## I. PROCEDURAL HISTORY OF RELATED CASES

On September 26, 2024, Plaintiffs SABER KHAMOOSHI, RYAN WU, AND BRIAN CAROLUS, individually and on behalf of a class of similarly situated individuals ("Khamooshi Plaintiffs") filed a Class Action Complaint for Damages with the Superior Court of the State of California, County of San Francisco Case No. CGC-24-618459 (the "*Khamooshi* Action"). *See* Case No. CGC-24-61849 at Dkt. No. 1. On November 8, 2024, POLITICO filed its Notice of Removal. *See* Dkt. No. 1. On December 4, 2024, Plaintiff JOHN DEDDEH, individually and on behalf of a class of similarly situated individuals ("Deddeh Plaintiff"), filed a first related case: *DEDDEH v. POLITICO, LLC*, Case No. 3:24-cv-08745 (the "*Deddeh* Action"). *See* Declaration of Usama Kahf ("Kahf Decl."), ¶ 2, Ex. A.

On January 27, 2025, this Court consolidated the *Khamooshi* and *Deddeh* Actions (the "Consolidated Action"). *See* Dkt. No. 29. On February 14, 2025, Plaintiffs filed their Consolidated Complaint, alleging (1) Violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"); (2) Unlawful Use of a Pen Register or Trap and Trace Device (California Penal Code section 638.51) ("CIPA"); (3) Invasion of Privacy (Violation of Article 1, section 1 of the California Constitution); (4) Unjust Enrichment; and (5) Violations of the California Unfair Competition Law ("UCL"). *See* ECF No. 33. On March 14, 2025, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. *See* Dkt No. 35.

On February 7, 2025, Plaintiff VISHAL SHAH, individually and on behalf of those similarly situated, filed a Petition to Confirm Arbitration Award against POLITICO (the "*Shah*" Action). *See*

Kahf Decl., ¶ 3, Ex. B. In the *Shah* Petition, Plaintiff alleges that POLITICO's website enabled third parties to place "cookies and other similar tracking technologies on visitors' browsers and devices and/or transmit cookies along with user data." *See* Kahf Decl., ¶ 3, Ex. B at ¶ 2. In Plaintiff Shah's Complaint and Demand for Arbitration, he alleges the following causes of action: (1) Invasion of Privacy (Violation of Article 1, section 1 of the California Constitution); (2) Violation of CIPA Section 631 (Unlawful Wiretapping and/or Eavesdropping); (3) Violation of CIPA Section 635 (Unlawful Manufacture, Assembly, Sale, Possession, Transport, Import, or Furnishing a Eavesdropping Device); (4) Violation of the CDAFA; (5) Violation of the California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) ("FAL"); (6) Violation of the UCL; (7) Violation of the Consumer Legal Remedies Act (California Civil Code §§ 1750, *et seq.*) ("CLRA"); (8) Intrusion Upon Seclusion; (9) Breach of Contract; (10) Breach of Implied Covenant of Good Faith and Fair Dealing; (11) Common Law Fraud, Deceit, and Misrepresentation; (12) Negligent Misrepresentation; (13) Trespass to Chattels; and (14) Unjust Enrichment. *See* Kahf Decl., ¶ 3, Ex. B.

## II. BOTH CASES HAVE NEARLY IDENTICAL ALLEGATIONS.

The Consolidated Action and the *Shah* Action are related because they have nearly identical allegations. Plaintiffs in both the Consolidated Action and *Shah* Action allege that: (1) POLITICO used third-party website tracking technologies on the POLITICO website to collect users' information including device/browser information and IP addresses, (2) POLITICO failed to obtain consent from POLITICO website visitors before collecting this information, (3) this unconsented collection of data and transmission to the tracking technologies violated users' right to privacy under the CDAFA, CIPA, the California Constitution, the UCL, and Unjust Enrichment. *Compare* Dkt. No. 33. 1 at ¶¶ 1, 9 *with* Kahf Decl., Ex. B at ¶¶ 1, 36. The Plaintiffs in the Consolidated Action seek to represent a putative class of California residents who accessed and viewed POLITICO's website and had their information collected by and disclosed to the third-party trackers embedded in the POLITICO website. *See* Dkt. 33 at ¶¶ 93. Plaintiff *Shah* indicates in his Petition that he intends to assert his claims on behalf of a putative class related to the "placement or transmission of third-party cookies on a Website visitor's device or browser after that person had declined such cookies on Respondent's Website." Kahf Decl., Ex. B at ¶ 10. These proposed class definitions are substantially similar. Both actions involve claims

under the CDAFA, CIPA, the California Constitution, the UCL, and Unjust Enrichment. Although the Consolidated Action does not include some of claims alleged in the *Shah* action, the underlying factual allegations are essentially the same in both actions.

## III. THE *SHAH* ACTION IS RELATED TO THIS ACTION AND SHOULD BE REASSIGNED TO THIS COURT FOR DISPOSITION

The *Shah* Action is related to the Consolidated Action because it meets all factors in Local Rule 3-12(a). A case is "related" to another if both "concern substantially the same parties, transaction or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a); *In re Facebook Privacy Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010). These factors are met here. The cases involve substantially the same parties, as both cases are brought against POLITICO on behalf of a class of California residents that used the POLITICO website. *Compare* Dkt. 1 at ¶¶ 93 *with* Kahf Decl. ¶ 2, Ex. A at ¶¶ 6, 7. The cases involve similar transactions and events regarding POLITICO's alleged installation of the third-party trackers on the POLITICO website, and the putative class's use of the POLITICO website while those trackers were installed. *Compare* Dkt. 1 at ¶ 93 *with* Kahf Decl., ¶ 2, Ex. A at ¶ 10. Further, Plaintiff Shah seeks to assert causes of action under the CDAFA, CIPA, the California Constitution, UCL, and Unjust Enrichment arising out of similar factual allegations, which are all alleged in the Consolidated Action. *Compare* Dkt. 1 at ¶¶ 105-179, *with* Kahf Decl., ¶ 2, Ex. A at ¶¶ 49-204. Requiring POLITICO to defend against the same claims before different judges would risk inconsistent rulings in the two cases, including on any dispositive motions, including but not limited to, motions to dismiss, motions for class certification, or motions for summary judgment. Additionally, relating the two cases would not cause any inconvenience, delay, or expense to the Plaintiffs in the Consolidated Action or Plaintiff Shah. In order to avoid a waste of judicial resources in having two judges in this District simultaneously hear the same allegations brought on behalf of the same putative classes in two separate cases, this Court should reassign the related *Shah* Action to this Court to be heard with the Consolidated Action. *See In re Facebook,* 2010 WL 5387616 at *1 (relating cases that had "virtually identical factual and legal issues" and were likely to have duplicative discovery issues); *Ervin v. Jud.*

*Council of California,* No. C 06-7479 CW, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007) (relating cases that were based on the same factual allegations and only differed in parties and causes of action).

Pursuant to Local Rule 7-11, Plaintiffs' counsel in the Consolidated Action has indicated they do not oppose this motion. Kahf Decl., ¶ 4, Ex. C.

**IV. CONCLUSION**

Based upon the above, POLITICO requests that this Court enter an order finding that the *Shah* Action is related to the Consolidated Action and reassign the *Shah* Action for proceedings in this Court in the interest of justice.

Dated: March 25, 2025

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DANIELLE KAYS (*pro hac vice*)
CATHERINE M. CONTINO (*pro hac vice*)
Attorneys for Defendant
POLITICO LLC