**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Petitioner, SHAH

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABER KHAMOOSHI, ET AL<br><br>    Plaintiffs,<br>        v.<br><br>POLITICO LLC,<br><br>    Defendant | Case No. 3:24-cv-07836-SK<br><br>PETITIONER SHAH'S OPPOSITION TO POLITICO LLC'S ADMINISTRATIVE MOTION TO RELATE AND REASSIGN CASE |
| VISHAL SHAH,<br><br>    Petitioner,<br>        v.<br><br>POLITICO LLC,<br><br>    RESPONDENT | Case No. 4:25-cv-01338-DMR |

1        Pursuant to Local Rules 3-12(e) and 7-11, Petitioner Vishal Shah submits this opposition to Defendant Politico LLC's administrative motion to relate <u>a class action</u> (*Khamooshi, et v. Politico, LLC,* Case No. 3:24-cv-07836-SK ("*Khamooshi*")) to <u>an individual petition to confirm an arbitral award</u> (*Shah v. Politico, LLC*, Case No. 4:25-cv-01338-DMR ("*Shah*")). Politico's administrative motion is both procedurally and substantively improper. Procedurally, Politico failed to meet and confer with Mr. Shah pursuant to this Court's Civil Local Rule 7-11(a), which would have given Mr. Shah the opportunity to explain away Politico's confusion or, at a minimum, explain that this motion is premature. Instead, Politico requested, and received, a lengthy extension when it was in default, and then filed this motion by surprise.

       Substantively, Politico's motion is impossibly confused. The Local Rules provide that cases may be related when (i) "[t]he actions concern substantially the same parties, property, transaction or event;" and (ii) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Id*. But there is exactly zero overlap between Mr. Shah's petition to confirm an individual arbitration award and the *Khamooshi* class action, aside from the fact both involve Politico as a defendant, which is insufficient. To combat this, Politico ignores the actual petition in this case and instead looks to the complaint that was before the American Arbitration Association (AAA). But that complaint is not before this Court or Judge Ryu. While it is true that a similar class complaint could someday be filed, this Court cannot deem related a case that does not yet exist.

       Finally, even if this Court were inclined to pierce the *Shah* petition that too would not justify relation. The class case that Shah may eventually file and the *Khamooshi* are still too dissimilar. The only thing the cases have in common are the same defendant and some of the same privacy statutes, but otherwise they will be entirely distinct, including very different classes, different theories of liability, different transactions, different causes of actions and entirely different events.

       The Court should deny Politico's motion.

- 2 -
OPP. TO MOTION TO RELATE – CASE NO. 24-CV-07836-SK

### A. Politico's Motion to Relate Should Be Denied Due to Its Failure to Comply With the Court's Local Rules.

Politico's motion suffers procedural defects. Local Rule 7-11(a) requires that any motion for administrative relief "must be accompanied…by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." L.R. 7-11(a); *see also EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST (JSC), 2013 U.S. Dist. LEXIS 71301, at *19 (N.D. Cal. May 20, 2013) (holding that the local rules "expect the parties to meet and confer" and the movant must show that they did so or explain why they could not). Politico's motion, and the supporting Kahf Declaration, ECF No. 37, 37-1, do not meet this requirement. Politico did not alert Shah's attorneys to this motion or even the existence of the other case(s). Indeed, the Kahf Declaration expressly states that his office emailed counsel in *Khamooshi*, but does not explain why counsel failed to meet and confer with the *Shah* attorneys in advance of filing this administrative motion. This failure to meet and confer should be fatal to the instant motion. *See, e.g., Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

### B. The *Shah* Petition and *Khamooshi* Class Action Are Not Related.

As discussed above, Mr. Shah filed an individual petition to confirm an arbitral award that determined that he is not subject to Politico's Terms of Service agreement, including its arbitration provision. Nothing more. The *Khamooshi* case is a consolidated class action that seeks to hold Politico liable for tracking all visitors to its website with undisclosed third parties' tracking technologies. *Compare Shah* ECF No. 1 with *Khamooshi* ECF 37-1, Ex. A. But other than the same Defendant/Respondent, there is very little overlap.

For example, the "transaction or event" are entirely separate. *Shah* involves the arbitrator's conclusion that he did not consent to Politico's Terms of Service agreement. Moreover, because *Shah* concerns only the enforcement of an individual arbitral award, there will be no duplication of labor or expense or conflicting results. *See, e.g., Hill v. Goodfellow Top Grade*, No. 18-cv-01474-HSG, 2019 U.S. Dist. LEXIS 108934, at *3-4 (N.D. Cal. June 28,

2019) (denying motion to relate where the only common party was defendant and only "some of their allegations concern overlapping events and witnesses, their actions concern largely different events").

Politico sidesteps this issue by misleadingly attaching to the Kahn Declaration,[1] a copy of the arbitration demand/complaint that Shah filed before the AAA. It then attacks that AAA complaint, an exhibit to the petition, as a straw man to argue that the cases should be related, but that AAA complaint is not before this Court or Judge Ryu. It should not be considered. But even if it is, these matters should still not be related.

### C. Even if this Court is Inclined To Speculate Regarding What, If Anything, May Come Next in *Shah*, the Cases Should Still Not Be Related.

Politico argues that the cases should be related because Shah's *AAA complaint* includes causes of action similar to those in *Khamooshi* and also concerns similar tracking technologies. Politico then goes on to state that the cases are related because they have "nearly identical allegations." Setting aside that there are currently no such allegations in *Shah*, even if this Court were to pierce the *Shah* petition, Politico would still be incorrect.

*Khamooshi* is fundamentally different from *Shah*'s underlying case. *Khamooshi* concerns all visitors to Politico's website and alleges that they were improperly tracked. Shah's AAA complaint is not about undifferentiated visits to politico.com. Rather, it concerns visits to the website where visitors affirmatively rejected cookies by clicking Politico's "Do Not Sell My Information" button and by rejecting Performance Cookies and Online Behavioral Advertising Cookies using Politico's cookie banner and cookie manager. These differences will create fundamentally different, unrelated litigations.

In *Khamooshi,* consent will be central to the privacy claims at issue there. If plaintiffs or class members consented to being tracked, that potentially ends the litigation, as variously argued by Politico in its motion to dismiss. But in Shah's AAA complaint, consent will not be at issue for the privacy claims; to the contrary, *there is an affirmative rejection of the cookie tracking.*

---

[1] Politico specifically states: "Shah, individually and on behalf of those similarly situated, filed a Petition to Confirm Arbitration Award," but this is also totally misleading because it cites to the AAA complaint and not the actual Petition, which Shah filed individually. *See* ECF No. 1, p. 1.

And an affirmative misrepresentation/lie by Politico. Moreover, because Shah affirmatively rejected cookies, there is an entirely different analysis concerning standing, reasonable privacy expectations, what cookies were placed and when, what was then transferred, etc. Finally, *Shah*'s underlying action and *Khamooshi* are critically different in another respect. In *Shah*, Politico affirmatively promised Mr. Shah no cookies and then breached that promised, which creates different and broader theories of liability, e.g., fraud, deceit, misrepresentation, and breach of the covenant of good faith and fair dealing.

Entirely ignoring such distinctions, Politico further argues that the "proposed class definitions are substantially similar." But there is no proposed class, or class definition, in the *Shah* petition. Moreover, there is not even a class definition set forth in his AAA complaint. Even if this Court is inclined to speculate alongside Politico, the theoretical *Shah* class would be wholly distinct from *Khamooshi*.

*Khamooshi* proposes a class that includes "All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter, accessed and viewed the Politico website and had their IP addresses and/or browser and device data collected by and disclosed to the third-party trackers embedded in the Politico website." ECF, 37-1, Ex. A, ¶ 63. This definition seemingly includes every single Californian who visited politico.com during the applicable limitations periods, irrespective of what they did or saw on the website.

Shah's AAA case concerns, at most, persons, like him, who affirmatively rejected cookies, by informing Politico: "Do Not Sell My Information" and rejecting Performance Cookies and Online Behavioral Advertising Cookies. Thus, a theoretical Shah class is a far smaller, more focused class and case. As a result, there will be no unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. *See, e.g., Ortiz v. CVS Caremark Corp.*, No. C -12-05859(EDL), 2013 U.S. Dist. LEXIS 197438, at *5 (N.D. Cal. Oct. 11, 2013) (denying relation, where the limited overlap of some class members is not enough to reach the "substantial similarity" threshold; and overlap is not significant enough to show a likelihood of "unduly burdensome duplication of labor").

At base, Politico's motion is largely based on misdirection and false premises, all of which are the hallmark of judge shopping. *See Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No. C 06-02064 JW, 2009 U.S. Dist. LEXIS 103769, at *6 (N.D. Cal. Oct. 23, 2009) (holding that even an "appearance of judge shopping, which also weighs heavily against relating the cases.") *Shah* should not be related.

Dated: March 28, 2025

**GUTRIDE SAFIER LLP**

*/s/Seth A. Safier/s/*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*