United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABER KHAMOOSHI, et al.,<br>Plaintiffs,<br>v.<br>POLITICO LLC,<br>Defendant. | Case No. 24-cv-07836-SK<br><br>**ORDER DENYING MOTION TO RELATE**<br><br>Regarding Docket No. 37 |

On March 25, 2025, Politico LLC ("Defendant") filed an administrative motion asking the Court to consider whether this case should be related to *Shah v. Politico LLC*, 25-cv-01338-DMR ("*Shah*"), which was filed in this district on February 7, 2025. The *Shah* Petitioner, Vishal Shah, opposes Defendants' motion. (Dkt. 39.)[1] Having evaluated the complaints and dockets in both matters, the Court HEREBY DENIES the motion to relate, for the reasons set forth below.

**A. Legal Standard.**

Civil Local Rule 3-12(a) provides that the Court should relate cases where "the actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

**B. Discussion.**

The two cases at issue here do not "concern substantially the same parties, property, transaction or event." Civ. L. Rule 3-12(a). The *Khamooshi* Plaintiffs represent a class of Californians who visited Defendant's website and whose data was collected by and disclosed to

[1] On March 31, Defendant sought leave to file a reply to Shah's opposition. (Dkt. No. 40.) The Court finds that the arguments are sufficiently clear based on the record before it, and that further briefing would impose unnecessary cost and delay. Accordingly, the Court DENIES Defendant's motion for leave to file a reply.

United States District Court
Northern District of California

third-party trackers. (Dkt. No. 33, ¶ 93.) The *Khamooshi* Complaint directly challenges Defendant's use of third-party trackers and seeks injunctive and declaratory relief, damages, costs, and fees. (*Id.* at pp. 40-41.)

In contrast, Shah is an individual who previously filed an arbitration demand challenging Defendant's use of third-party trackers. (*Shah*, 25-cv-01338-DMR, Dkt. No. 1, Ex. A.) Shah obtained an arbitral award finding that he is not subject to Defendant's arbitration and class action waiver provisions. (*Id.* at ¶ 6.) The *Shah* Petition seeks only to confirm that arbitral award. (*Id.* at ¶ 7.) Therefore, Shah's underlying claims challenging the use of third-party trackers are not the subject of the pending Petition.

In sum, *Khamooshi* and *Shah* raise different legal issues, concern differently-situated parties, and arise out of different events. Relation of the two cases would impede judicial economy and the interests of justice in both matters. Defendant's motion to relate is DENIED.

**IT IS SO ORDERED**.

Dated: April 2, 2025

SALLIE KIM
United States Magistrate Judge