USAMA KAHF (SBN 266443)
    E-Mail: ukahf@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DANIELLE KAYS (*PRO HAC VICE*)
    E-Mail: dkays@fisherphillips.com
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 260-4751

CATHERINE M. CONTINO (*PRO HAC VICE*)
    E-Mail: ccontino@fisherphillips.com
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: (610) 230-2150
Facsimile: (610) 230-2151

Attorneys for Defendant
POLITICO LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABER KHAMOOSHI, RYAN WU, BRIAN CAROLUS, and JOHN DEDDEH, individually and on behalf of a class of similarly situated individuals, | Case No: 3:24-cv-07836-SK |
| | **CLASS ACTION** |
| Plaintiffs, | |
| v. | **DEFENDANT POLITICO LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| POLITICO LLC, and DOES 1 through 100, inclusive, | |
| Defendants. | Action Filed:  September 26, 2024<br>Removed:      November 8, 2024<br>Consolidated: January 27, 2025 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION…………………………………………………………………1

II.    PLAINTIFFS CANNOT ESTABLISH ARTICLE III STANDING…………………………1

III.   PLAINTIFFS FAIL TO PLEAD THEIR CLAIMS SUFFICIENTLY………………………6

    A.    Plaintiffs Have Failed to State a Claim Under CIPA………………………………6

        1.    There is No Reasonable Expectation of Privacy in IP Addresses. ........................... 6

        2.    Plaintiffs' Contradictory Allegations Bar Their Claims. ........................................ 8

        3.    The Complaint Lacks Allegations That POLITICO Used a Pen Register................. 8

        4.    The Legislative History of CIPA and California State Courts' Interpretations of the Statute Should Not Be Dismissed as "Outdated." .................................................... 9

    B.    Plaintiffs Fail to State a CDAFA Claim…………………………………………………9

        1.    Plaintiffs Must Plead Their CDAFA Claim Pursuant to Rule 9(b). .......................... 9

        2.    To Assert a Claim Under the CDAFA, Plaintiffs are Still Required to Plead That POLITICO Overcame Technical Barriers. ............................................................... 10

        3.    Plaintiffs Do Not Plead Losses or Damages. .......................................................... 11

    C.    Plaintiffs' Allegations Do Not Give Rise to a Viable Invasion of Privacy Claim………12

    D.    Plaintiffs' Allegations Do Not Rise to a Viable Unjust Enrichment Claim……………13

    E.    Plaintiffs Lack Standing for a UCL Claim………………………………………………14

IV.   CONCLUSION………………………………………………………………………15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ..............................15

*Apple Inc. v. Sup. Ct.*,
  56 Cal. 4th 128 (2013) .................................................................................................7, 9

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .............................................................................................13

*Aviles v. Liveramp, Inc.*,
  No. 24STCV19869, Order (Cal. Super. Ct. L.A. Cty. Jan. 28, 2025) ......................................7

*Barrett v. Apple Inc.*,
  523 F. Supp. 3d 1132 (N.D. Cal 2021) ................................................................................14

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) .................................................................................10

*Brown v. Google LLC*,
  685 F. Supp. 3d 909 (N.D. Cal. 2023) .......................................................................4, 14, 15

*Bui-Ford v. Tesla, Inc.*,
  No. 4:23-CV-02321, 2024 WL 694485 (N.D. Cal. Feb. 20, 2024) .........................................10

*Byars v. Sterling Jewelers, Inc.*,
  No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ..............................3

*Calhoun v. Google LLC*,
  526 F. Supp. 3d 605 (N.D. Cal. 2021) ...........................................................................14, 15

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) .............................................................................................4

*Carolus et al v. Nexstar Media Inc.*,
  No. 4:24CV07790, at * 2 Order Dismissing Case (N.D. Cal. Apr. 9, 2025).......................2, 3

*Cottle v. Plaid Inc.*,
  536 F. Supp. 3d 461 (N.D. Cal. 2021) ................................................................................11

*DocMagic, Inc. v. Ellie Mae, Inc.*,
  745 F. Supp. 2d 1119 (N.D. Cal. 2010) ..............................................................................10

*Doe v. Meta Platforms, Inc.*,
  690 F. Supp. 3d 1064 (N.D. Cal. 2023) ..............................................................................11

DEFENDANT POLITICO LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
FP 54346922.14

*In re Facebook Priv. Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) ...................14

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
   402 F. Supp. 3d 767 (N.D. Cal. 2019) ....................................................................................4, 5

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020) ........................................................................................3, 12, 13

*Facebook, Inc. v. ConnectU LLC*,
   489 F. Supp. 2d 1087 (N.D. Cal. 2007) ....................................................................................10

*Franklin v. Gwinnett Cty. Pub. Sch.*,
   503 U.S. 60 (1992)......................................................................................................................14

*Gabrielli v. Insider, Inc.*,
   No. 24-CV-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025)........................................6

*In re Google Inc. Gmail Litig.*,
   No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)...................................7

*In re Google RTB Consumer Privacy Litig.*,
   606 F. Supp. 3d 935 (N.D. Cal. 2022) ...................................................................................5, 12

*Greenley v. Kochava, Inc.*,
   684 F. Supp. 3d 1024 (S.D. Cal. 2023) ....................................................................................10

*Gutierrez v. Converse, Inc.*,
   No. 2:23-cv-06547-RGK-MAR, 2023 WL 8939221 (C.D. Cal. Oct. 27, 2023) ......................11

*Heeger v. Facebook*,
   509 F. Supp. 3d 1182 (N.D. Cal. 2020) ..................................................................................3, 7

*Heiting v. FKA Distrib. Co.*,
   No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025)...........................5

*Javier v. Assurance IQ, LLC*,
   No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022)........................................................7

*Katz-Lacabe v. Oracle Am., Inc.*,
   668 F. Supp. 3d 928 (N.D. Cal. 2023) ......................................................................................14

*Kearney v. Salomon Smith Barney, Inc.*,
   39 Cal. 4th 95 (2006) ..................................................................................................................7

*Krottner v. Starbucks Corp.*,
   628 F.3d 1139 (9th Cir. 2010) .....................................................................................................4

*Lazy Y Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) .......................................................................................................8

FP 54346922.14

*Licea v. Hickory Farms LLC*,
    No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ................................7

*Lien v. Talkdesk, Inc.*,
    No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025) .....................................2

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................................................3

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021).............................................................................4, 13

*Matera v. Google Inc.*,
    No. 15-CV-04062-LHK, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016)................................7

*McClung v. AddShopper, Inc.*,
    No. 23-CV-01996-VC, 2024 WL 189006 (N.D. Cal. Jan. 17, 2024) ....................................10

*Mikulsky v. Noom, Inc.*,
    682 F. Supp. 3d 855 (S.D. Cal. 2023)....................................................................................3

*Mills v. Saks.com LLC*,
    No. 23 CIV. 10638 (ER), 2025 WL 34828 (S.D.N.Y. Jan. 6, 2025)......................................5

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
    No. 24-CV-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ................................4

*Moody v. C2 Educ. Sys. Inc.*,
    742 F. Supp. 3d 1072 (C.D. Cal. July 25, 2024)....................................................................4

*Mort v. United States*,
    86 F.3d 890 (9th Cir. 1996) .................................................................................................14

*Nacarino v. KSF Acq. Corp.*,
    642 F. Supp. 3d 1074 (N.D. Cal. 2022) ...............................................................................14

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*,
    414 U.S. 453 (1974)...............................................................................................................9

*Nowak v. Xapo, Inc.*,
    No. 5:20-CV-03643-BLF, 2020 WL 6822888 (N.D. Cal. Nov. 20, 2020).........................9, 10

*Palacios v. Fandom, Inc.*,
    No. 24STCV11264, Minute Order (Cal. Super. Ct. Sept. 24, 2024) .....................................7

*Rodriguez v. Autotrader.com, Inc.*,
    No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025).................6

*Rodriguez v. Fountain9, Inc.*,
    No. 24-ST-CV-04504, 2024 WL 3886811 (Cal. Super. July 9, 2024) ...................................7

DEFENDANT POLITICO LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

*Rodriguez v. Plivo., Inc.*,
　No. 3:24-cv-01062, Minute Order (Cal. Super. Ct. L.A. Cty. Oct. 2, 2024) ............................7

*Roe v. Amgen, Inc.*,
　No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024) ........................11

*Sanchez v. Cars.com*,
　No. 24STCV13201, Tentative Ruling (Cal. Super. Ct. Jan. 27, 2025) ....................................6

*Shah v. Fandom, Inc.*,
　No. 24-CV-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ...........................4, 12

*Stasi v. Inmediata Health Grp. Corp.*,
　501 F. Supp. 3d 898 (S.D. Cal. 2020) ...................................................................................4

*TransUnion v. Ramirez*,
　594 U.S. 413 ..........................................................................................................................5

*United States v. Acevedo-Lemus*,
　No. SACR 15-00137-CJC, 2016 WL 4208436 (C.D. Cal. Aug. 8, 2016), *aff'd,*
　800 F. App'x 571 (9th Cir. 2020) .........................................................................................12

*United States v. Forrester*,
　512 F.3d 500 (9th Cir. 2008) ...............................................................................................12

*United States v. Martinez*,
　588 F. App'x 741 (9th Cir. 2014) ........................................................................................12

*Wesch v. Yodlee*,
　No. 20-cv-05991-SK, 2021 WL 1399291 (N.D. Cal. February 16, 2021) ...........................11

*Williams v. Facebook, Inc.*,
　384 F. Supp. 3d 1043 (N.D. Cal. 2018) ...............................................................................11

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
　No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ............................15

*Zarif v. Hwareh.com, Inc.*,
　No. 23-CV-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025) ..........................11

**Statutes**

Cal. Civ. Code § 1798.110 ...........................................................................................................5

Cal. Civ. Code § 1798.115 ...........................................................................................................5

Cal. Civ. Code § 1798.120 ...........................................................................................................5

Cal. Civ. Code § 1798.140 (v)(1)(A) ...........................................................................................7

Cal. Code Regs. tit. 11, § 7012(e) ...............................................................................................5

DEFENDANT POLITICO LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
FP 54346922.14

Cal. Penal Code § 502(c)(1)............................................................................................9

Cal. Penal Code § 638.51(a) ..........................................................................................8

Cal. Penal Code § 638.52................................................................................................7

Cal. Penal Code § 1546(d)..............................................................................................7

DEFENDANT POLITICO LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

FP 54346922.14

1    **REPLY IN SUPPORT OF MOTION TO DISMISS**

2    **I.    INTRODUCTION**

3        Plaintiffs' claims are all legally deficient. The CIPA claims fail because Plaintiff cannot refute

4    that an IP address reveals no private or personally identifiable information. Plaintiffs also cannot point

5    to any case that provides Article III standing or statutory basis for a California Invasion of Privacy Act

6    ("CIPA") claim for disclosure of IP addresses. And based on a recent federal court decision issued after

7    POLITICO filed the present Motion, Plaintiffs further lack standing because they are "tester" plaintiffs

8    who actively seek out privacy violations and thus had no expectation of privacy.

9        Each of Plaintiffs' remaining claims—the California Computer Data Access and Fraud Act

10   ("CDAFA"), invasion of privacy, unjust enrichment, and the California Unfair Competition Law

11   ("UCL")—also fail. Plaintiffs make contradictory allegations and mischaracterize the transaction

12   between their browsers and POLITICO's website to distract the court from the insufficiency of their

13   allegations. Plaintiffs' focus on the alleged "surreptitious collection" of information by third parties is

14   immaterial in determining whether POLITICO used a pen register or trap and trace device or committed

15   an invasion of privacy. Plaintiffs *still* do not allege that third party trackers either collect the destination

16   of communications coming from a user's device or the incoming communications coming to the user's

17   device, nor can they point to a single case where the disclosure of an IP addresses alone was found to

18   be an egregious breach of social norms. With respect to the CDAFA, Plaintiffs incredibly claim that it

19   does not sound in fraud, though "fraud" is in the CDAFA title and explicitly referenced throughout the

20   statute. Plaintiffs cannot proceed with their claim for unjust enrichment because it is not a standalone

21   cause of action. Finally, Plaintiffs' cited case law does not refute that they lack standing to bring a UCL

22   claim because they cannot allege any specific monetary or economic loss. For these reasons, all of

23   Plaintiffs' claims must be dismissed with prejudice.

24   **II.    PLAINTIFFS CANNOT ESTABLISH ARTICLE III STANDING.**

25       Plaintiffs cannot establish Article III standing for three reasons. First, Plaintiffs' IP addresses

26   are not personalized information. Plaintiffs merely allege IP addresses disclose only "general

27   geographic coordinates of the user who is accessing and communicating with a website," but "do not

28   necessarily reveal any more about the underlying contents of the communication." (Dkt. 33, ¶ 146.)

Therefore, no personalized information was improperly collected. Without collection of their personalized information, they cannot establish harm to their privacy. Second, even if IP addresses could amount to personal information (though they do not), disclosure of an IP address does not amount to the intangible harm required for a privacy violation under California law. *See Lien v. Talkdesk, Inc.*, No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (explaining "whether [a privacy interest] is infringed depends on whether the information at issue is actually personal and private" and whether the injury "bear[s] a 'close relationship' to a 'harm traditionally recognized as providing a basis for a lawsuit in American courts.'") (citing *TransUnion v. Ramirez,* 594 U.S. 413, 423) (2021). Plaintiffs' Opposition does not refute that their privacy interests were not violated and therefore, they have not suffered harm. Put simply, Plaintiffs have not—and cannot—allege injury by POLITICO's actions. Third, as discussed below, Plaintiffs lack standing as "tester" plaintiffs.

Critically, this Court should adopt Judge Chhabria's well-reasoned ruling which just dismissed ***identical*** CIPA claims brought by ***the same plaintiffs and plaintiffs' counsel*** for lack of standing. RJN Ex. H [*Carolus et al v. Nexstar Media Inc.,* No. 4:24CV07790, at * 2 Order Dismissing Case (N.D. Cal. Apr. 9, 2025)]. The court relied upon the Ninth Circuit's holding that individuals "do not have a reasonable expectation of privacy in IP addresses, analogizing to the pen register context in which people don't have a reasonable expectation of privacy in their own phone numbers and the phone numbers they dial." *Id.* (citing *United States v. Forrester*, 512 F.3d 500, 509-11 (9th Cir. 2008)). Judge Chhabria distinguished cases that involved a typical "privacy injury" because they involved different information—*i.e.,* the "disclosure of several types of personal information all linked together, not just IP addresses." *Id*. (citing *In re Google RTB Consumer Privacy Litig.*, 606 F. Supp. 3d 935, 943 (N.D. Cal. 2022) ("*Google RTB*") and *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598–99 (9th Cir. 2020) ("*Facebook Tracking*")). Indeed, alleging that a defendant tracked nebulous "other identifying information" is not enough. Such vague allegations fall short of establishing standing as "it is difficult to analyze whether that information could, when combined with an IP address, be sufficient for Article III standing." *Id*. Nor do Plaintiffs plead harm by claiming website cookies "cause webpages to load more slowly, thereby increasing the time and energy needed for devices to run"—at most such injuries are "*de minimus*" and "unquantifiable." *Id*.

Plaintiffs similarly fail to assert "tangible" harms recognized by the Ninth Circuit. *Facebook Tracking.*, 956 F.3d at 943. While California law "confers a right to disgorgement of profits . . . even where an individual has not suffered a corresponding loss," Plaintiffs have not plead a violation of that right. Plaintiffs claim they only need to allege that POLITICO "retain[s] a stake in the profit garnered from their personal data to establish standing." (Dkt. 38, p. 12.) But that argument ignores that Plaintiffs do not plead that POLITICO obtained any personal data in the first place. And even if they did, Plaintiffs cannot allege browsing histories have value, let alone that POLITICO compiled and sold their browsing histories. Plaintiffs cannot point to any allegations in their Complaint that POLITICO misappropriated or sold Plaintiffs' data to third party trackers. Although a violation of substantive privacy rights can give rise to Article III standing, standing requires "more than an injury to a cognizable interest . . . it requires that the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

The Ninth Circuit deems these vague and unspecified allegations insufficient to establish a concrete injury. *See Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (courts "make their decisions regarding whether a plaintiff has stated a legally protectable privacy interest based on the nature of the information at issue.") (quoting *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1040 (N.D. Cal. 2014)). Numerous district courts agree. *See, e.g., Nexstar*, at *2 ("Without more specificity, it is difficult to analyze whether that information could, when combined with the IP addresses, be sufficient for Article III standing"); *Mikulsky*, 682 F. Supp at 864 (finding plaintiff's allegations that she typed her "personal information" into a website insufficient for standing as the court could not determine "whether the 'personal information' Plaintiff inputted is protected or whether it was merely information akin to basic contact information that would not trigger a protectable privacy interest."); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (finding plaintiff lacked standing when she did not "identify any specific personal information she disclosed that implicates a protected privacy interest."); *Heeger v. Facebook*, 509 F. Supp. 3d 1182, 1189-90 (N.D. Cal. 2020) (holding plaintiffs lacked standing as there is "no legally protected privacy interest in IP addresses alone" and therefore did not "plausibly allege[] any privacy injury.").

Plaintiffs cannot cite to a single case where a court has found that disclosure of IP addresses

alone is sufficient to confer Article III standing. The cases cited by Plaintiffs are all distinguishable because they involved personal information beyond non-identifiable IP addresses to support standing. *See Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (names, addresses, Social Security numbers); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1139 (E.D. Cal. 2021) (name, email phone number, addresses, addresses of friends and relatives, and personal and private messages sent to relatives*); In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 786 (N.D. Cal. 2019) (communications that included photographs, videos made and watched, Facebook posts, likes, and private-one-one messages that were made widely available to third parties to make "detailed dossiers" on plaintiffs including locations, religious and political views, video-watching habits, and other sensitive matters); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1119 (9th Cir. 2020) (identification and collection of users' individual private messages); *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 906 (S.D. Cal. 2020) (name, address, date of birth, gender, and medical claim information including dates of service, diagnosis codes, procedure codes and treating physician). They are inapposite here because of these key factual differences—they involved sensitive personal identifying information and not just IP addresses.

Plaintiffs' reliance on *Mirmalek* and *Shah* is similarly misplaced. Both cases involve allegations that the defendant tracked plaintiff "across multiple visits for marketing and advertising purposes." *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-01797-CRB, 2024 WL 5102709, at *4 (N.D. Cal. Dec. 12, 2024); *Shah v. Fandom, Inc.*, No. 24-CV-01062-RFL, 2024 WL 4539577, at *5 (N.D. Cal. Oct. 21, 2024). The other cases cited by Plaintiffs are similarly inapposite as they involve allegations of user identification using browsing history, which Plaintiffs have not alleged here. *See Brown v. Google LLC*, 685 F. Supp. 3d 909, 919 (N.D. Cal. 2023) ("Google represented to plaintiffs it would not collect their information while they browsed privately" but "did so anyway, collecting, aggregating, and selling plaintiffs' private browsing data without their consent."); *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1078 (C.D. Cal. July 25, 2024) (plaintiffs alleged that defendant used "fingerprinting" technology to match anonymous visitors with their TikTok profiles to uncover visitor identities and captured data inputted by users on the website including name, date of birth, and address).

Plaintiffs claim that both federal and California state law have afforded certain protections to

IP addresses, but Plaintiffs fail to put these protections into context. Plaintiffs cite *In re Google RTB Consum. Priv. Litig. ("Google RTB")*, but IP addresses were not the only information sold to advertisers—in fact, Google allegedly provided "highly specific information," including "data that identifies the individual being targeted through unique identifiers, device identifiers, geolocation, IP address, cookie match, and other information" and "specific content of account holders' internet communications and highly detailed personal profile information about peoples' interests, race, religion, sexual orientation, and health status." 606 F.Supp.3d 935, 939 (N.D. Cal. 2022). Second, Plaintiffs' invocation of the California Consumer Privacy Act ("CCPA") lacks context. The CCPA does not prohibit collection or disclosure of IP addresses; it allows business to obtain consent under an "opt-out" framework, meaning there is no requirement to obtain opt-in consent prior to collection. *See* Cal. Code Regs. tit. 11, § 7012(e) (regulating contents of consumer notice); Cal. Civ. Code §§ 1798.110, 1798.115, 1798.120 (providing right to "opt-out" of data collection). If Section 638.51 is applied as Plaintiffs suggest, it would directly conflict and effectively replace the detailed notice and "opt-out" framework outlined in the CCPA. Third, Plaintiffs' reference to the Health Insurance Portability and Accountability Act ("HIPAA") is completely irrelevant. HIPPA does not apply here, as POLITICO is not a HIPAA covered entity subject to the statute and subsequent regulations.

Furthermore, the law is clear that a statutory privacy right under CIPA does not constitute an injury in fact. Plaintiffs conveniently ignore the U.S. Supreme Court Decision in *TransUnion v. Ramirez* which clearly holds that "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 594 U.S. at 427; *see also Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *2 (C.D. Cal. Feb. 3, 2025) ("To establish standing for a violation of section 638.51, Plaintiff must allege a concrete and particularized injury.") (citing *Rodriguez v. Fountain9, Inc.*, No. 24-ST-CV-04504, 2024 WL 3886811, at *4 (Cal. Super. July 9, 2024)); *Mills v. Saks.com LLC*, No. 23 CIV. 10638 (ER), 2025 WL 34828, at *4 (S.D.N.Y. Jan. 6, 2025) (finding that plaintiff "must still establish a concrete harm" when alleging a statutory violation because 'an injury in law is not an injury in fact.'") (citing *TransUnion*, 594 U.S. at 427). The cases cited by Plaintiffs rely on case law decided prior to *TransUnion* and fail to account for this binding and

mandatory authority, and thus should be disregarded. Even if simply alleging a statutory violation were enough to state a concrete injury, it is certainly insufficient where the statute does not codify a substantive privacy right. *See Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) (explaining that § 638.51 of CIPA "does not codify a substantive privacy right that bears a close relationship to a traditionally recognized harm" because in contrast to Sections 631 and 632 of CIPA, which prohibit a person from intercepting the *contents* of a communication while in transit, Section 638.51 only limits the *manner* in which a person can collect information). Plaintiffs cannot avoid the requirement to plead a concrete harm by simply alleging a violation of CIPA. As such, Plaintiffs' allegations are insufficient to establish Article III standing.

Finally, on April 4, 2025, after the present Motion was filed, Judge Klausner of the Central District dismissed with prejudice a CIPA pen register claim on grounds that the plaintiff was a "tester." *See Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025). The court held that because a tester "actively seeks out privacy violations," plaintiff "had no expectation of privacy when she visited defendant's website and, therefore, lacked an injury in fact sufficient to establish standing." *Id*. (internal quotations omitted). Here, the same plaintiffs represented by the same plaintiffs' counsel filed identical claims alleging the same legal theories against two other media businesses besides POLITICO, one filed shortly before the present case and the other filed after this case. *See* RJN Exs. I, J, K. Based on Plaintiffs' present complaint [ECF 33] and Plaintiffs' allegations in the two other CIPA lawsuits they filed, the Court should find that Plaintiffs are "testers," had no expectation of privacy when visiting POLITICO's website, and thus, lack standing.

As amendment would be futile, the Court should dismiss Plaintiffs' Complaint with prejudice.

## III.    PLAINTIFFS FAIL TO PLEAD THEIR CLAIMS SUFFICIENTLY.

### A.    Plaintiffs Have Failed to State a Claim Under CIPA.

#### 1.    There is No Reasonable Expectation of Privacy in IP Addresses.

Plaintiffs still fail to provide any support for their proposition that an IP address is "private, personal information" as defined by CIPA. Numerous California state and federal district courts interpreting the pen register section of CIPA (Section 638.51) claim hold that an IP address is not legally protected. (Dkt. 35 at 8); *see, e.g.*, Dkt. 36, RJN, Ex. A [*Sanchez v. Cars.com,* No.

24STCV13201, at *6 Tentative Ruling, (Cal. Super. Ct. Jan. 27, 2025)]; Dkt. 36, RJN, Ex. B [*Rodriguez v. Plivo., Inc.*, No. 3:24-cv-01062, Minute Order at *3 (Cal. Super. Ct. L.A. Cty. Oct. 2, 2024)]; Dkt. 36, RJN, Ex. C. [*Aviles v. Liveramp, Inc*., No. 24STCV19869, Order at *4 (Cal. Super. Ct. L.A. Cty. Jan. 28, 2025)]; Dkt. 36, RJN, Ex. E, *Palacios v. Fandom, Inc.*, No. 24STCV11264, Minute Order (Cal. Super. Ct. Sept. 24, 2024); *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, *4 (Cal. Super. Ct. Mar. 13, 2024); *Heeger*, 509 F. Supp. 3d at 1190. Most cases Plaintiffs cite do not address the pen register section of CIPA (Section 638.51); rather, nearly all address wiretapping and eavesdropping claims under Sections 631 and 632, do not involve CIPA violations at all, or do not involve the privacy of IP addresses. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 125 (2006) (interpreting CIPA § 632); *Apple Inc. v. Sup. Ct.*, 56 Cal. 4th 128, 137 (2013) (reviewing statutory scheme of the California Credit Card Act and its application to online retailers); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *1 (N.D. Cal. Aug. 12, 2016) (addressing CIPA § 631 related to illegal wiretapping); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *19 (N.D. Cal. Sept. 26, 2013) (addressing CIPA §§ 631 and 632 related to illegal wiretapping); *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) (discussing only § 631(a) of CIPA when applying statute to internet communications). As such, Plaintiffs' alleged injury—that they have experienced an invasion of privacy because their IP addresses were allegedly disclosed to third parties—is too "abstract and hypothetical." *See Rodriguez v. Fountain9, Inc.*, 2024 WL 3886811, at *3-4 (Cal. Super. Ct. July 9, 2024).

Plaintiffs' arguments based on the California Electronic Communications Privacy Act ("CECPA") and the CCPA also are misplaced, as those statutes are very different from CIPA. The language of CECPA refers specifically to IP addresses, where CIPA does not. *See* Cal. Pen Code § 1546(d) (defining "Electronic communication information" to include "any information pertaining to any individual or device participating in the communication, including, but not limited to, an IP address."); *but see* Cal. Pen Code § 638.52. Furthermore, the CCPA does not protect IP addresses alone—it only protects the IP address *if* "it identifies, relates to, describes, is reasonably capable of being associated with, or could be reasonably linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140 (v)(1)(A). Here, Plaintiffs do not allege a particular Plaintiff

1    or consumer has been identified through their IP address.

2         **2.  Plaintiffs' Contradictory Allegations Bar Their Claims.**

3         Plaintiff's own allegations show POLITICO did not send IP addresses to third parties. Contrary

4    to Plaintiffs' suggestion otherwise, a judge should consider Plaintiffs' contradictory allegations

5    contained in their Complaint in a Motion to Dismiss. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580,

6    588 (9th Cir. 2008) (a court does not need to accept contradicting documents referenced in the

7    complaint as true when adjudicating motion to dismiss). Figures 1, 2, and 3 disprove Plaintiffs'

8    assertions that the HTTP requests POLITICO allegedly sent to third parties contained IP addresses.

9    Plaintiffs' Opposition reflects their counsel's misunderstanding of what their own Figures show. The

10   "Request" in each Figure shows the user's request to POLITICO's website, and the "Response" shows

11   POLITICO's response. (Dkt. 33, ¶¶ 71, 75, 77.) The "Response" shows that that ***a third party***

12   ***responded to POLITICO's request with an IP address***, but that is it—the Figures ***do not show that***

13   ***POLITICO transmitted the IP address to the third party*** because the IP address is not displayed on

14   the Request side of each Figure. The IP address was not transmitted in the "Request" that POLITICO's

15   website sent to third parties, as Plaintiffs claim. This completely defeats, and contradicts, the whole

16   basis of the claims. To argue that POLITICO has introduced "unsupported evidence" into its Motion

17   when it is merely relying only on the allegations contained in Plaintiffs' Complaint is nothing more

18   than an attempt to distract the court from their own contradictions.

19        **3.  The Complaint Lacks Allegations That POLITICO Used a Pen Register.**

20        Plaintiffs do not rebut POLITICO's argument that it did not operate a pen register or trap and

21   trace device on its website. Plaintiffs instead focus on the alleged "surreptitious" collection of

22   information by third parties to distract the court from their pleading deficiencies. But conveyance to a

23   third party is not an "element" of the statute. *See* Cal. Penal Code § 638.51(a). Plaintiffs fail to allege

24   that POLITICO's conduct amounts to use of a pen register or trap and trace device because they do not

25   allege that the information collected reflects the destination of communications coming from the user's

26   device or incoming communications coming to the user's device. The third-party trackers do not do

27   either. Traditionally, a pen register installed on a phone line records phone numbers for the user's

28   outgoing communications, and a trap and trace device records caller phone numbers coming from a

user's phone line. Plaintiffs argue that by using third party trackers, POLITICO operated a pen register or a trap and trace device and obtained their IP addresses and other unspecified information. Plaintiffs cannot decide which device POLITICO allegedly uses, demonstrating how Section 638.51 is inapplicable to these types of communications. Nonetheless, Plaintiffs' argument makes no sense in the context of the Internet, as the cookies neither collect communications coming in or going out. Rather, the cookies only collect data on the device itself. As such, Section 638.51 does not apply.

### 4. The Legislative History of CIPA and California State Courts' Interpretations of the Statute Should Not Be Dismissed as "Outdated."

Case law regarding statutory interpretation is clear: it must be consistent with legislative intent and effectuate the purpose of the statute. *See Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 458 (1974). Plaintiffs claim the statute is not limited to telephones but fail to acknowledge the purpose and intent of the statute, which was clearly to "clarify that any location information obtained by a pen register or a track [sic] and trace device is limited to the information that can be determined ***from the telephone number***." (Dkt. 38, p. 14.) Internet cookies were widely used in 2015 when Section 638.51 of CIPA was enacted; certainly, if the Legislature's intended purpose in enacting Section 638.51 was to apply it to devices other than telephones, it would have stated so. *See Apple Inc*, 56 Cal. 4th at 137 ("The Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them.") (internal quotations omitted). The legislative history, statutory framework, or subsequent case law of CIPA does not support the expansion of Section 638.51 to include technology that collects IP addresses. (Dkt. 36, p. 15.)

## B. Plaintiffs Fail to State a CDAFA Claim.

### 1. Plaintiffs Must Plead Their CDAFA Claim Pursuant to Rule 9(b).

Plaintiffs' CDAFA claim indisputably is grounded in fraud and does not satisfy Rule 9(b)'s heightened pleading standard. Plaintiffs shockingly assert that "fraud" is not an element of a CDAFA claim. Beyond the fact that the statute's full title is the California Computer Data Access and **Fraud** Act, the statute clearly criminalizes certain conduct intended to "devise or execute any scheme or artifice to ***defraud***, deceive, or extort[.]" Cal. Penal Code § 502(c)(1) (emphasis added). Plaintiffs also mischaracterize *Nowak v. Xapo*. In that case, ***the court did in fact evaluate plaintiff's claims under***

9

*the CDAFA* (as well as the Computer Fraud and Abuse Act ("CFAA")) and subjected plaintiff's allegations to the heightened pleading standards under Rule 9(b). *Nowak v. Xapo, Inc.*, No. 5:20-CV-03643-BLF, 2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020) (applied heightened pleading standard of Rule 9(b) because "Plaintiff's **CDAFA** claim "sound[s] in fraud). The court held plaintiff "fail[ed] to allege that Defendant was involved in the hacking itself, directly or indirectly," and "that Defendant had the requisite knowledge to impose liability for assisting the hacking." *Id*. Moreover, numerous courts have held that "the necessary elements of Section 502 do not differ material from the necessary elements of the CFAA." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 131 (N.D. Cal. 2020) (quoting *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010)).

### 2. To Assert a Claim Under the CDAFA, Plaintiffs are Still Required to Plead That POLITICO Overcame Technical Barriers.

Plaintiffs incorrectly argue that the CDAFA only requires "knowing access" and "conduct undertaken without permission" rather than circumvention of technological barriers. (Dkt. 38, p. 26-27.) Plaintiffs attempt to cite *Bui-Ford* and *McClung*, which relied on *U.S. v. Christensen*, to argue that Section 502 "does not require unauthorized access to information, but rather the unauthorized taking and using of such information." *McClung v. AddShopper, Inc.*, No. 23-CV-01996-VC, 2024 WL 189006, at *4 (N.D. Cal. Jan. 17, 2024). But Plaintiffs fail to mention that in *Bui-Ford*, the court stated explicitly that *Christensen* "did not displace case law requiring a defendant to 'circumvent[ ] technical or code based barriers' to access a computer 'without permission.'" *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321, 2024 WL 694485, at *5 (N.D. Cal. Feb. 20, 2024) (citing *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1053–54 (N.D. Cal. 2014) and *Facebook, Inc. v. Power Ventures, Inc.*, 844 F. Supp. 2d 1025, 1036 (N.D. Cal. 2012)).

The cases Plaintiffs cite in support of their CDAFA claim are factually distinguishable. Plaintiffs' allegations center on POLITICO's alleged interception of IP addresses. Yet the cases cited by Plaintiffs involve allegations that defendants collected information beyond IP addresses, or what is automatically disclosed by a user's device when visiting a website. *See*, *e.g., Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1035 (S.D. Cal. 2023) (communications from plaintiff's phone); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119 (N.D. Cal. 2010) (login credentials and software keys); *Facebook, Inc. v. ConnectU LLC*, 489 F. Supp. 2d 1087 (N.D. Cal. 2007) (login information).

Moreover, the allegations here are not like those in *In re Carrier IQ, Inc.*, where defendant was alleged to have installed software on plaintiffs' devices that included "deeply hidden" code purposely designed to run "in the background" such that a user "has no idea that is it is running and cannot turn it off" and that users were "never given the choice of opting into or out of" the software." 78 F. Supp. 3d 1051, 1061-62 (N.D. Cal. 2015). Thus, CDAFA's application to the facts of this case is inappropriate.

### 3.   Plaintiffs Do Not Plead Losses or Damages.

Despite Plaintiffs' arguments to the contrary, Plaintiffs do not allege any damages or losses associated with their alleged visits to POLITICO's website. Plaintiffs argue that they suffered damage or loss by alleging "(1) unjust enrichment to Politico from the misappropriation ***and unauthorized sale*** of website users' data and (2) the increased monetary costs to users from the additional consumption of energy and device resources caused by the trackers." (Dkt. 38, p. 29). Plaintiffs' first argument fails for two reasons. First, Plaintiffs have not alleged that their data has been misappropriated or sold. *See Zarif v. Hwareh.com, Inc.*, No. 23-CV-0565-BAS-DEB, 2025 WL 486317, at *13 (S.D. Cal. Feb. 13, 2025) (dismissing CDAFA claim involving third-party tracker present on website because plaintiff failed to allege Defendant sold her data or that Defendant was unjustly enriched by using tools to collect her data); *Roe v. Amgen, Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482 at *7 (C.D. Cal. June 5, 2024) (same). Second, courts have held that this category of damages is not sufficient to satisfy CDAFA's damage or loss requirement. *See, e.g., Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021) (dismissing CDAFA claim because "loss of the right to control their own data, the loss of the value of their data, and the loss of the right to protection of the data" is not compensable under statute); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1082 (N.D. Cal. 2023) (rejected claim for "diminished value of information" as sufficient to support CDAFA claim).

Plaintiffs' secondary argument that costs from additional energy and resources caused by trackers also fails because Plaintiffs do not allege that they actually experienced increased costs after visiting POLITICO's website. Courts regularly dismiss CDAFA claims when a complaint fails to identify any injury to plaintiffs themselves. *See, e.g., Wesch v. Yodlee*, No. 20-cv-05991-SK, 2021 WL 1399291, at *7 (N.D. Cal. February 16, 2021); *Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1049 (N.D. Cal. 2018); *Gutierrez v. Converse, Inc.*, No. 2:23-cv-06547-RGK-MAR, 2023 WL 8939221, at

*4 (C.D. Cal. Oct. 27, 2023). Plaintiffs make no attempt to address these arguments because their pleading lacks any factual allegations on how Plaintiffs incurred economic losses or damages. As such, Plaintiffs' CDAFA claim must be dismissed.

### C.  Plaintiffs' Allegations Do Not Give Rise to a Viable Invasion of Privacy Claim.

Because Plaintiffs clearly have no legally protected privacy interest in an IP address, their invitation of privacy claim also fails. (Dkt. 35, p. 17-18.) Courts have held that no expectation of privacy exists over information routinely disclosed to third parties through normal use of the internet in the invasion of privacy context. *See, e.g.*, *United States v. Acevedo-Lemus*, No. SACR 15-00137-CJC, 2016 WL 4208436, at *4 (C.D. Cal. Aug. 8, 2016), *aff'd*, 800 F. App'x 571 (9th Cir. 2020) (no expectation of privacy over IP address because defendant regularly disclosed it to third parties); Forrester, 512 F. 3d at 510 ("Internet users have no expectation of privacy in the . . . IP addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing information."); *United States v. Martinez*, 588 F. App'x 741 (9th Cir. 2014) (same). The cases cited by Plaintiffs are distinguishable. In *Google RTB*, the court noted that Google collected and sold not just Plaintiffs' IP address, but also "search terms, and sensitive websites that plaintiffs visited relating to race, religion, sexual orientation, and health." 606 F. Supp. 3d at 947. Plaintiffs have not alleged that this kind of information was also collected and disclosed by POLITICO. Plaintiffs' reliance on *Shah* also is misplaced and irrelevant to the invasion of privacy claim, as the plaintiff in that case did not assert a claim for invasion of privacy, and the court was only addressing plaintiff's CIPA claim. *Shah*, 2024 WL 4539577, at *5.

Likewise, the *Facebook Tracking* case involves facts that are fundamentally different from those alleged by Plaintiffs. The distinguishing factor driving the Ninth Circuit's analysis was Facebook's alleged possession of "comprehensive browsing history of an individual, no matter how sensitive the websites visited, and then correlated that history with the time of day and other user actions on the websites visited" resulting in an acquisition of "an enormous amount of individualized data" to amass a "vast repository of personal data." *Facebook Tracking*, 956 F. 3d at 603. No such allegations are included in the Complaint here.

Plaintiffs have not met the "high bar" required under the California Constitution for an invasion

of privacy claim. Plaintiffs do not refute POLITICO's argument that the alleged disclosure of IP addresses and other unidentified information was an "egregious breach of social norms." Nor do Plaintiffs cite a single case holding the collection of IP addresses ***alone*** gives rise to an invasion of privacy claim. Plaintiffs cite only one case—*Mastel v. Miniclip*, 549 F. Supp. 3d 1129, 1139 (E.D. Cal. 2021)—to argue that this question should be left to a jury." (Dkt. 38, p.32). Although the court in *Mastel* noted that whether conduct is egregious or offensive is subjective, it also noted that the California courts provided "clear and objective guidance" to trial courts in addressing those terms at the pleading stage, explaining that "if the 'undisputed material facts show . . . an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law.'" 549 F. Supp. at 1140 (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994)). The *Mastel* court dismissed plaintiff's invasion of privacy claim because plaintiff failed to alleged defendant "used his information for any purpose at all, much less a purpose that could plausibly constitute an egregious breach of social norms." *Id*. at 1141. Further, plaintiff failed to allege that defendant "continued to view or copy" his information after closing the application, concluding that the case does not "present the sort of 'pervasive' invasion of privacy" like the plaintiffs *in Facebook Tracking* alleged. *Id*. Finally, the court found that plaintiff failed to specify the content of information allegedly disclosed, noting that he "provid[ed] no indication of the sensitivity of the communications at issue other than a conclusory assertion that they were 'personal and private.'" *Id*. at 1142.

Just as the plaintiff in *Mastel*, Plaintiffs fail to allege that POLITICO used their information or continued to use, view, copy their information after they left the website, and they also fail to provide any details regarding the content of the information disclosed, other than an IP address that *could* be used to geolocate an individual to a geographical area. Even setting aside the fact that an IP address is not personal or private, Plaintiffs' allegations only include hypothetical examples of what POLITICO could do with their collected data, not what it actually *did* with it. This is insufficient.

### D. <u>Plaintiffs' Allegations Do Not Rise to a Viable Unjust Enrichment Claim.</u>

Plaintiffs incorrectly claim California recognizes unjust enrichment as an "independent cause of action." The *Astiana* case cited by Plaintiffs defeats their claims because it explicitly held "in California, there is not a standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial*

1  *Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

2         Even if Plaintiffs could assert an unjust enrichment claim, Plaintiffs fail to allege they lack an

3  adequate remedy at law necessary for equitable remedies. *See Mort v. United States*, 86 F.3d 890, 892

4  (9th Cir. 1996) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . .

5  when the moving party has an adequate remedy at law." (ellipsis in original) (quoting *Morales v. Trans*

6  *World Airlines, Inc.*, 504 U.S. 374, 381 (1992))); *see also Franklin v. Gwinnett Cty. Pub. Sch.*, 503

7  U.S. 60, 75–76 (1992) (when "remedies are equitable in nature . . . it is axiomatic that a court should

8  determine the adequacy of a remedy in law before resorting to equitable relief"). Courts dismiss unjust

9  enrichment claims where the pleading failed to allege legal remedies would be inadequate. *See, e.g.,*

10  *Nacarino v. KSF Acq. Corp.,* 642 F. Supp. 3d 1074, 1087 (N.D. Cal. 2022) (dismissing unjust

11  enrichment claim where plaintiff failed to plausibly allege a lack of adequate remedy of law); *see also*

12  *Barrett v. Apple Inc.,* 523 F. Supp. 3d 1132, 1157 (N.D. Cal 2021) (a quasi-contract claim cannot

13  survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists).

14  Accordingly, the Court should dismiss Plaintiffs' unjust enrichment claim.

15         **E.    Plaintiffs Lack Standing for a UCL Claim.**

16         Plaintiffs lack standing for a UCL claim because "personal information does not constitute

17  property for purposes of a UCL claim." *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 714 (N.D.

18  Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014); *see also Katz-Lacabe v. Oracle Am., Inc.*, 668 F.

19  Supp. 3d 928, 943 (N.D. Cal. 2023) ("weight of the authority in the district and the state," establishes

20  that "the 'mere misappropriation of personal information' does not establish compensable damages.'")

21  (quoting *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021)). Plaintiffs

22  have not alleged ***any*** specific monetary or economic loss. As such, Plaintiffs lack standing to maintain

23  their UCL claim, and it must be dismissed.

24         Plaintiffs mistakenly rely on *Calhoun v. Google* and *Brown v. Google*, both of which are

25  incongruous to this case. In both cases, plaintiffs alleged that Google made certain representations to

26  them about the use of their data that were inaccurate or misleading. *Calhoun v. Google LLC*, 526 F.

27  Supp. 3d 605, 636 (N.D. Cal. 2021) (alleging that Google indicated they would not collect users'

28  personal data unless a function was turned on, but nevertheless collected data anyway); *Brown*, 685 F.

Supp. 3dat 919 (alleging Google collected data while using private browsing mode). Plaintiffs make no such allegations in their Complaint. Furthermore, in both cases, plaintiffs alleged that Google collected personal data in addition to device information, which is much more than Plaintiffs have alleged here. *See Calhoun*, 526 F. Supp. at 613; *Brown* 685 F. Supp. at 919.

The other cases Plaintiffs rely on are factually distinguishable, as they involved sensitive personal information exposed in data breaches. For example, in *In re Anthem*, the court held that plaintiffs had standing to assert a UCL claim where cyber attackers "extract massive amounts of data from Anthem's database" which included "names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, and employment information, including income data" as well as "individually identifiable health information." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at *30 (N.D. Cal. May 27, 2016). In *In re Yahoo!*, plaintiffs had standing under the UCL, as they alleged that their account credentials, date of birth, hashed passwords, cell phone numbers, and zip codes were stolen and posted for sale on the dark web, and "five out of the six United States Plaintiffs have alleged out-of-pocket expenses" and "*all* Plaintiffs have alleged a risk of future identity theft." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *20 (N.D. Cal. Aug. 30, 2017). Although these cases found plaintiffs had standing under the UCL based on the theft of sensitive and identifiable personal information that has value on the dark web, no court has found standing based on the facts alleged by Plaintiffs here. Accordingly, the Court should dismiss Plaintiffs' UCL claim.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above and in POLITICO's Motion, POLITICO respectfully requests that the Court dismiss all claims in First Consolidated Complaint, with prejudice.

Dated: April 18, 2025                    FISHER & PHILLIPS LLP

By: _/s/ Usama Kahf_
USAMA KAHF
DANIELLE KAYS (*pro hac vice*)
CATHERINE M. CONTINO (*pro hac vice*)
Attorneys for Defendant
POLITICO LLC